# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| MICHAEL BARNETT, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:07-CV-47 (CDL) |
| | * | 42 U.S.C. § 1983 |
| DWIGHT HAMRICK, *et at.,* | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is Defendants' Motion for Summary Judgment. (R-13). The Plaintiff was notified of his right to respond but failed to do so within the time allotted.

## LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure, dealing with motions for summary judgment, provides in part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed. R. .Civ. P. 56 (c); Warrior Tombigee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting

of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc., Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. Gainesville Sun Pub. Co.*, 9 F.3d 913 (11th Cir. 1993). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). Summary judgment is appropriate when the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Tidmore Oil Co. v. BP Oil Co./Gulf Prods. Div., a Div. of BP Oil Co.*, 932 F.2d 1384. 1387-88 (11th Cir.1991), cert. denied, 502 U.S. 925, 112 S.Ct. 339, 116 L.Ed.2d 279 (1991). Motions for summary judgment are normally decided based on the pleadings, and the discovery of record, together with any affidavits submitted by the parties, in deciding whether summary judgment is appropriate under Rule 56. The party upon whom a Motion for Summary Judgment has been filed has the right to file affidavits or other material in opposition to a summary judgment motion. If he fails or refuses to file any affidavits or other materials in opposition to the Motion for Summary Judgment, a Final Judgment may be rendered against him if otherwise appropriate under law. Specifically, Federal Rule of Civil Procedure 56(e) provides, that:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party**. (emphasis added).

## DISCUSSION

On April 2, 2007, Plaintiff filed the current 42 U.S.C. § 1983 suit alleging that he was sexually assaulted by two inmates while incarcerated in the Rutledge State Prison in Columbus, Georgia, in December of 2006. (R-1, p. 4). Plaintiff alleges that he informed the prison authorities who did nothing to protect him. He further alleges that mentally ill prisoners are housed with non-mentally ill prisoners causing "filthy and dangerous conditions" in violation of the Eighth Amendment. Plaintiff states that he attempted to seek relief by filing a grievance, which he claims went nowhere. Plaintiff's complaint requests monetary damages for the Defendants' violation of his constitutional rights. (R-1, p. 5).

In their Motion for Summary Judgment, the Defendants first contend that Plaintiff failed to timely exhaust his available administrative remedies where he failed to file any type of grievance in this matter. (R-13, p. 3). By *The Prison Litigation and Reform Act,* Congress has provided that, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has consistently held that where Congress explicitly mandates, a plaintiff must exhaust the administrative remedies available to him before he is authorized to file a lawsuit in federal court. *McCarty v. Madigan,* 503 U.S. 140, 144 112 S.Ct. 1081, 1086 (1992). The Eleventh Circuit Court of Appeals, following the Supreme Court rulings and the PLRA, has held that "since exhaustion is now a precondition to suit, the courts cannot simply waive

those requirements . . ." *Alexander v. Hawk,* 159 F.3d 1321, 1326-27 (11th Cir. 1998).

A recent United States Supreme Court decision recently held that an inmate must *properly* exhaust all available administrative remedies before he can file a 1983 lawsuit in federal court. *Woodford v. Ngo*, 126 S.Ct. 2378 (U.S. 2006)(emphasis added). In *Woodford*, the Respondent, an inmate at a California state prison, filed a grievance regarding prison conditions, which was rejected as untimely. *Woodford*, at 2380. The Respondent thereafter filed suit pursuant to § 1983 against the prison officials. The District Court held that because Respondent had failed to timely exhaust all of his available remedies, the case should be dismissed. *Id.* The Ninth Circuit Court of Appeals reversed the lower court's decision, finding that the Respondent had no further administrative remedy available to him after his grievance was rejected as untimely. *Id.* The high court ultimately reversed the Ninth Circuit, finding that, just as in habeas corpus cases, the remedies available to the inmate must be fully and properly exhausted. *Id.*

The Georgia Department of Corrections Standard Operating Procedure (hereinafter, "SOP") on Inmate Grievances, which regulates the grievance process in all Georgia prisons, reveals that an inmate must exhaust an "Informal Complaint Procedure" before proceeding to a "Formal Grievance Procedure." The SOP states that an inmate has ten calendar days from the date he knew or should have known of the facts surrounding the grievance to file an informal grievance. After a decision is rendered regarding the informal grievance, the inmate may procure a formal grievance form from a prison counselor. There further exists

an appeal process for inmates who are not satisfied with the outcome of the formal grievance. For an inmate to fully exhaust his administrative remedies, therefore, he must complete all three steps of the grievance procedure.

In reviewing the pleadings in this matter, it appears that although Plaintiff states in his complaint that he filed a grievance, he has presented no evidence in support of that contention. Defendants, on the other hand, have filed the affidavit of Defendant Hamrick which attests to Plaintiff's failure to file any formal or informal grievance concerning the facts at issue. (R-13, Exhibit 1). Plaintiff also failed to file any response to the Defendants' Motion for Summary Judgment. As such, Plaintiff did not exhaust his available administrative remedies before filing the current action. Therefore, this Court recommends that the Motion for Summary Judgment be granted as no genuine issue of material fact exists where Plaintiff failed to exhaust the grievance procedure as mandated by the PLRA.

Defendants make further contentions as to why their Motion for Summary Judgment should be granted. Those contentions, however, need not be addressed as the court is not required to review the merits of the Plaintiff's claims. Therefore, the Defendants' remaining assertions are deemed moot.

**ACCORDINGLY**, **IT IS THE RECOMMENDATION** of the United States Magistrate Judge that Defendants' Motion for Summary Judgment be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this **RECOMMENDATION** with the United States District Judge, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED,** this 20th day of September, 2007.

              S/G. MALLON FAIRCLOTH
              UNITED STATES MAGISTRATE JUDGE

eSw